# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SHAFIQUE KHAN                          :
                                       :
                                       :
    v.                                 :     Civil No. CCB-17-0190
                                       :
                                       :
HOWARD COUNTY, MARYLAND, *et al.*      :
                                       :
                                       :

## **MEMORANDUM**

Now pending are two motions to dismiss under Fed. R. Civ. P. 12(b)(6). The plaintiff, Shafique Khan ("Khan"), filed suit against three individuals – Penelope Camp ("Camp"),[1] Mike Brady ("Brady"), and Charlene Humphreys ("Humphreys") – and against Howard County, Maryland, alleging these four defendants violated his rights under the Fourth and Fourteenth Amendments. (Am. Compl., ECF No. 3). Camp, Brady, and Howard County ("County Defendants") filed a motion to dismiss for failure to state a claim on March 24, 2017. (County Defs.' Mot. to Dismiss, ECF No. 13). Khan responded in opposition, (Resp. in Opp'n to County Defs.' Mot. to Dismiss, ECF No. 17), and the County Defendants replied, (County Defs. Reply). Humphreys then filed a separate motion to dismiss, (Humphreys Mot. to Dismiss, ECF No. 19). Khan responded in opposition, (Resp. in Opp'n to Humphreys Mot. to Dismiss, ECF No. 22), and Humphreys replied, (Humphreys Reply, ECF No. 23). No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, the court will grant both motions to dismiss for failure to state a claim.

---

[1] The amended complaint identifies one defendant as Penelope Dennis, but she subsequently clarified that she has changed her last name to "Camp." (County Defs.' Reply 1 n.1, ECF No. 18). Accordingly, the court will refer to her as Penelope Camp.

1

## BACKGROUND

Khan pled guilty to possessing child pornography on September 24, 2012. The state court stayed the judgment and placed Khan on probation for two years, and Defendant Humphreys served as his probation officer. (Am. Compl. ¶¶ 7, 20, ECF No. 3). As part of his sentence, Khan was ordered to register with Maryland's Sex Offender Registry ("the registry"),[2] but under the terms of the sentence, he could file to be taken off the registry at the conclusion of the two-year probationary period. (*Id.* ¶¶ 8–9). On February 26, 2015, Khan completed the terms of his probation and requested that Judge William V. Tucker of the Howard County Circuit Court "abrogate the requirement" that Khan have his name on the registry, which the judge did. (*Id.* ¶ 10). Khan claims that "[a]ll necessary parties within the Howard County system were notified that Khan no longer had to register." (*Id.* ¶ 11).

Khan then moved to Florida. Defendant Camp, a Howard County police officer, conducted a sex offender "home check" on March 16, 2015, at Khan's registered Maryland address. There, she spoke with Khan's mother, who told Camp that she owned the home and that her son, the plaintiff, no longer resided in Maryland and had not done so for months. In response, on March 17, 2015, Camp prepared an Application for Statement of Charges seeking a warrant for Khan's arrest. (*Id.* ¶¶ 12–15; County Defs.' Mot. to Dismiss Ex. 3, Camp Affidavit, ECF No. 13-3).[3] In her affidavit, Camp claims Khan has been listed on the registry since

---

[2] The Amended Complaint refers to the "sex crimes registry." (*See, e.g.*, Am. Compl. ¶ 10). The defendants, by contrast, refer to Maryland's "Sex Offender Registry" in their motions, and the plaintiff adopted that name in his subsequent court filings. (*See, e.g.*, Resp. in Opp'n to Humphreys Mot. to Dismiss 1). The court will likewise refer to the "Sex Offender Registry," or "the registry."

[3] At the Rule 12(b)(6) stage, the court focuses on the contents of the complaint. However, a court may consider an extraneous document attached to a motion to dismiss at the Rule 12(b)(6) stage if the document "was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Here, Camp's affidavit is integral to

November 28, 2012, and is still a registered sex offender. She also claims, pursuant to her conversation with Khan's mother, that Khan no longer lives at the registered Maryland address and that Camp "had not been notified by the defendant of his change of residence." The affidavit requests that an arrest warrant be issued charging Khan with failing to register his new address as required under Maryland law. (Camp Affidavit 3). Pursuant to such a warrant, Khan was arrested in Florida on May 24, 2015. (Am. Compl. ¶ 16).

Starting "immediately" after his arrest, Khan's girlfriend, Chatone Cooper ("Cooper"), "began notifying various Howard County officials that Khan had been falsely arrested and imprisoned." (*Id.* ¶ 17). She made "at least" one phone call every day to "the sex offenders office." (*Id.* ¶ 18). She also told Defendant Brady, a corporal in the Howard County police department, that Khan had been falsely arrested and imprisoned, but Brady "took no steps to resolve this." (*Id.* ¶ 19). Finally, Cooper called Defendant Humphreys and told her Khan had been falsely arrested and imprisoned, but Humphreys "did nothing to resolve this situation." (*Id.* ¶ 20). In general, "[n]o Howard County official took any steps to resolve Khan's situation," he alleges. (*Id.* ¶ 21).

Khan was imprisoned in Florida for 25 days, and he was imprisoned another three days after being transferred to Maryland. (*Id.* ¶ 22). At his bail hearing, Camp told Khan she had "just found" the paperwork indicating Khan was no longer required to register. (*Id.* ¶ 23). At that hearing, the presiding judge realized Khan had been "falsely arrested" and released him. (*Id.* ¶ 24).

---

the complaint, and there is no dispute about its authenticity. Indeed, Khan refers to it extensively when responding to the motions to dismiss. (*See, e.g.*, Resp. in Opp'n to County Defs.' Mot. to Dismiss 2).

Khan brought suit under 42 U.S.C. § 1983 against Camp, Humphreys, and Brady. He claims that Camp violated his rights under the Fourth and Fourteenth Amendments by "maliciously charging, and falsely arresting and imprisoning" him, and that Camp, Brady, and Humphreys "maliciously prosecuted and falsely imprisoned" him "by failing to take all necessary steps to have [Khan] immediately released despite being notified that he was improperly being incarcerated." (*Id.* ¶¶ 26–27). Khan also sued Howard County, claiming the acts described in the amended complaint resulted from "policies or customs of the County, including, but not limited to, the County's policy or custom of discriminating against minorities and/or the County's deliberate indifference to the proper training of its officers and agents." (*Id.* ¶ 30).

**LEGAL STANDARD**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Thus, the first step in analyzing a § 1983 suit is to identify the specific right that has been infringed. *See id.* at 140. Khan alleges that Camp, Brady, and Humphreys violated his rights under both the Fourth and Fourteenth Amendments.[4] But the Fourth Amendment provides the only actionable ground for relief, because the claims against these defendants relate to their alleged "pretrial missteps," and Khan does not suggest that these missteps deprived him of the right to a fair trial. *See Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017) (noting the Due Process Clause "is not the proper lens through which to evaluate law enforcement's pretrial missteps"). Unlike the "more generalized notion" of due process, the Fourth Amendment "provides an explicit textual source of constitutional protection against [unreasonable seizures and arrests]", *id.* (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)), and "define[s] the process that is due for seizures of persons or property in criminal cases," *id.* (quoting *Gerstein v. Pugh*, 420 U.S. 103, 125 n.27 (1975)

---

[4] With respect to the Fourteenth Amendment, the court assumes Khan alleges a violation of the Due Process Clause, although he does not clarify the nature of the alleged Fourteenth Amendment violation. (*See* Am. Compl. ¶ 26).

(internal quotation marks omitted)). For that reason, § 1983 claims of false arrest, false imprisonment, and malicious prosecution are considered under the Fourth Amendment, not the Fourteenth Amendment. *See Safar*, 859 F.3d at 245 (the Fourth Amendment, not the Fourteenth Amendment, provides an actionable ground for relief in a § 1983 case alleging unconstitutional arrest); *Evans v. Chalmers*, 703 F.3d 636, 646 n.2 (4th Cir. 2012) ("Because the Fourth Amendment provides an explicit textual source for § 1983 malicious prosecution claims, the Fourteenth Amendment provides no alternative basis for those claims.") (internal quotation marks omitted); *Love v. Rumgay*, 2016 WL 1028001, at *8 (D. Md. Mar. 15, 2016) ("Section 1983 claims for false imprisonment are . . . properly analyzed as unreasonable seizures under the Fourth Amendment.") (internal quotation marks omitted).[5] Accordingly, the court will analyze the claims against Camp, Brady, and Humphreys under the Fourth Amendment only.

A. Claims Against Camp Only

Khan claims that Camp is liable for false arrest, false imprisonment, and malicious prosecution.[6] These claims will be discussed in turn.

First, the false arrest claim must be dismissed. "A claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause." *Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017). Here, because Khan was arrested pursuant to a warrant, the court will dismiss the false arrest claim. *See Safar*, 859 F.3d at 246 ("Plaintiffs cannot state a false arrest claim, since [the defendant] took no part in the actual seizure and the arresting officers acted pursuant to a

---

[5] Unpublished cases are cited not as precedent but for the soundness of their legal reasoning.
[6] The Amended Complaint claims that Camp is liable for "maliciously charging" him. The court interprets this claim to be one of malicious prosecution. The court notes that Defendant Camp has interpreted the "malicious charging" allegation against her as a claim of malicious prosecution, (*see* County Defs.' Mot. to Dismiss Mem. Law 7, ECF No. 13-1), and Khan has not objected to this characterization of his claim.

facially valid warrant."); *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998) (a false arrest claim may be considered only in the absence of a facially valid warrant).

To state a Fourth Amendment "malicious prosecution" claim, a plaintiff must allege the defendant "(1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans*, 703 F.3d at 647.[7] At issue here is the second prong of this test – whether the arrest warrant was backed by probable cause.[8]

"Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield*, 156 F.3d at 569 (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Khan does not dispute that the facts "as alleged" in Camp's affidavit support the issuance of a warrant based on probable cause, nor does he dispute that the warrant was validly issued. (*See* Resp. in Opp'n to County Defs.' Mot. to Dismiss 4). Instead, Khan alleges the arrest warrant lacked probable cause, because Camp "included misstatements in the Statement of Charges that resulted in a warrant being issued." (Resp. in Opp'n to County Defs. Mot. to Dismiss 4). The primary "misstatement" was that, in March 2015, Khan was a registered sex offender who was required to maintain his current address with Maryland authorities.

To prevail on his claim that probable cause was lacking due to "misstatements" included by Camp in her affidavit, Khan must prove that Camp deliberately or with "reckless disregard for

---

[7] In this context, "legal process" may take the form of an arrest warrant, in which case the arrest would constitute the seizure.

[8] A § 1983 malicious prosecution claim "is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution – specifically, the requirement that the prior proceeding terminate favorably to the plaintiff. It is not an independent cause of action." *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000).

the truth" made material false statements. "Reckless disregard" can be established by evidence that Camp acted "with a high degree of awareness of [a statement's] probable falsity." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627–28 (4th Cir. 2007).[9] Allegations of negligence or mistake fail to state a claim for a violation of the Constitution. *See id.*

Here, Khan has failed to allege sufficient facts to state a malicious prosecution claim. To begin with, the amended complaint does not allege – at least not explicitly – that Khan's name was actually removed from the Sex Offender Registry before Camp filled out her affidavit.[10] It also does not specifically allege that Camp was notified of Judge Tucker's decision to abrogate his registration requirement: it states only that "[a]ll necessary parties within the Howard County system were notified that Khan no longer had to register." (Am. Compl. ¶ 11). Indeed, Khan alleges that, at his bail hearing, Camp told him she had "just found" the paperwork indicating he was no longer required to register, (Am. Compl. ¶ 23), suggesting she was unaware Khan no longer had to register at the time she filled out her affidavit. Most critically, however, the amended complaint provides no facts directly relevant to Khan's claim that Camp acted

---

[9] If an affiant intentionally or recklessly causes an arrest warrant to issue on a constitutionally deficient affidavit, the intervening fact that a magistrate grants the warrant does not absolve the affiant of § 1983 liability. *Miller*, 475 F.3d at 632.

[10] In a response brief, Khan claims he "has asserted he was taken off of the Sex Registry List via Judge Tucker's decision on February 26, 2015." (Resp. in Opp'n to County Defs. Mot. to Dismiss 5). The Amended Complaint does not make this assertion, at least not explicitly. And, as the County Defendants note, Maryland law appears to place the onus on Khan to submit to the Department of Public Safety and Correctional Services (DPSCS) the official court order from Judge Tucker in order to have his name removed from the Sex Offender Registry. *See* Md. Code Regs. 12.06.01.14. Khan has not done so; in fact, he claims he has not taken any steps to have his name removed. (Supp. Resp. in Opp'n to County Defs.' Mot. to Dismiss, ECF No. 24). Despite taking no action, Khan claims he is not currently listed on the registry and has submitted an exhibit in support of that claim. (Resp. in Opp'n to County Defs. Mot. to Dismiss Ex. 1, ECF No. 17-1). The court notes, however, that this exhibit appears to show that no one with the first name "Khan" and last name "Shafique" is currently listed on the registry. The plaintiff, by contrast, refers to himself as "Shafique Khan," or "Mr. Khan," in his various submissions to this court. In any event, none of this affects the court's conclusion that Khan has provided insufficient facts to support his claim that Camp acted deliberately or with "reckless disregard for the truth."

deliberately or with "reckless disregard for the truth" rather than, perhaps, negligently. Because "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," *see Iqbal*, 556 U.S. at 679, the Fourth Amendment malicious prosecution claim also will be dismissed.

For similar reasons, the court also will dismiss the claim against Camp for false imprisonment. To state a claim for false imprisonment under § 1983, a plaintiff must show he was arrested without probable cause. *See Sowers v. City of Charlotte*, 659 F. App'x 738, 739 (4th Cir. 2016) ("To state a claim for false arrest or imprisonment under § 1983, a plaintiff must demonstrate that he was arrested without probable cause."); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (describing false arrest and false imprisonment claims as "essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). As discussed, Khan has failed to sufficiently allege he was arrested without probable cause.

B. Claims Against Camp, Brady, and Humphreys

Khan also claims Camp, Brady, and Humphreys "maliciously prosecuted and falsely imprisoned" him, because they "fail[ed] to take all necessary steps to have [Khan] immediately released despite being notified that he was improperly being incarcerated." (Am. Compl. ¶ 27). Khan claims that, starting immediately after his arrest, his girlfriend informed officials in Maryland's "sex offenders office," Brady, and Humphreys that Khan had been falsely arrested and imprisoned, and that none of them did anything in response.

If an arrest warrant has issued based on probable cause, the Fourth Circuit has suggested that police officers do not violate the Fourth Amendment by failing to take steps to secure the detainee's release, even if potentially exculpatory evidence comes to light post-arrest. *See Taylor*

*v. Waters*, 81 F.3d 429, 436 (4th Cir. 1996) ("Once such a determination of probable cause has been rendered [by a neutral magistrate] . . . the Fourth Amendment does not impose any further requirement of judicial oversight or reasonable investigation to render pretrial seizure reasonable."); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 184 (4th Cir. 1996) ("Once a pretrial seizure has been rendered reasonable by virtue of a probable cause determination . . . the continuing pretrial seizure of a criminal defendant . . . is [also] reasonable."). *See also Safar*, 859 F.3d at 247–48 (citing *Taylor* and *Brooks* favorably and noting that "if every failure of a police officer to act in some unspecified way on the basis of new information gave rise to liability, we would invite a legion of cases urging us to second-guess an officer's decision about whether to second-guess a magistrate's finding of probable cause").

Accordingly, it appears that Camp, Brady, and Humphreys did not violate Khan's Fourth Amendment rights by allegedly failing to take any action in response to Cooper's entreaties. In any event, the defendants are at least entitled to qualified immunity with respect to this claim, because any right that may have been violated was not clearly established. Whether qualified immunity applies presents a two-pronged inquiry: "whether the facts . . . make out a violation of a constitutional right" and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (internal quotation marks omitted). For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Here, the alleged inaction of Camp, Brady, and Humphreys did not violate a clearly established right. Tellingly, Khan fails to identify a case where an officer acting under similar

circumstances violated the Fourth Amendment, which suggests the right was not "clearly established." *See Safar*, 859 F.3d at 247–48. And, in circumstances at least similar to the one presented here, the Fourth Circuit has clarified that there is no clearly established duty for police officers to take steps to withdraw arrest warrants upon learning the charges contained therein were meritless. *Safar*, 859 F.3d at 246–47 ("[W]e are unaware of a nebulous duty requiring police officers to follow some undefined procedure whenever they come across further information that casts doubt on an active arrest warrant.").

In response, Khan points to *Wheeler v. Anne Arundel Cnty.*, 2009 WL 2922877 (D. Md. 2009), and several out-of-circuit decisions reaching similar conclusions. In *Wheeler*, the plaintiff alleged his due process rights were violated, because a law enforcement officer failed to investigate certain witnesses post-arrest that would have proven his innocence. The district court held that the § 1983 claim failed, because the facts as alleged by the plaintiff did not show the officer "acted with deliberate or reckless intent during the post-arrest investigation." *Id.* at *5. In light of *Wheeler*, Khan claims, it is "clearly established" that "an officer's actions or inactions post-arrest can result in violations of an individual's due process rights if the officer acted with 'deliberate or reckless intent.'" (Resp. in Opp'n to Humphreys Mot. to Dismiss 3). Even if that standard applied here, however, Khan has failed to allege sufficient facts showing Camp, Brady, or Humphreys were more than negligent. Accordingly, the court would dismiss the claims related to post-arrest investigation even if that different standard applied.

C. Claims Against Howard County

Khan also alleges that Howard County is liable, because the acts described in the amended complaint resulted from "policies or customs of the County, including, but not limited

11

to, the County's policy or custom of discriminating against minorities and/or the County's deliberate indifference to the proper training of its officers and agents." (Am. Compl. ¶ 30). Khan has provided no factual support for his claim that Howard County maintains such policies or customs; for that reason, this claim must be dismissed. *See Francis*, 588 F.3d at 193 (explaining that "naked assertions of wrongdoing" do not suffice to defeat a Rule 12(b)(6) motion). And, in any event, "municipalities cannot be liable under § 1983 without some predicate constitutional injury at the hands of the individual [state] officer, at least in suits for damages." *Waybright v. Frederick Cnty.*, 528 F.3d 199, 203 (4th Cir. 2008) (internal quotation marks omitted). There is no such predicate here.

## CONCLUSION

The court does not intend to minimize the seriousness of what Khan has experienced. It is certainly regrettable if, as it appears, Khan was incarcerated for weeks due to a mistake. Nonetheless, for the aforementioned reasons, Khan has failed to state a claim, and both motions to dismiss will be granted. A separate order follows.

8/3/17  
Date

/s/  
Catherine C. Blake  
United States District Judge